UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HUGH ADAM KECKRITZ, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 3:25-cv-408 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| MORGAN COUNTY CORRECTIONAL ) | Magistrate Judge McCook |
| COMPLEX, JOHN DOE SUPERVISOR, ) | |
| JOHN DOE UNIT MANAGER, ) | |
| WARDEN SHAWN PHILLIPS, and ) | |
| OFFICER JUSTIN HEAD, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting that he was subjected to a property restriction "freeze" during which prison officials took his legal and religious property for 24 hours, which he classifies as a violation of his constitutional rights [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1], both of which are now before the Court. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and this action will be **DISMISSED** because the complaint [Doc. 2] fails to state a claim upon which relief may be granted under § 1983.

I.  **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As Plaintiff cannot pay the filing fee in a lump sum, his motion to proceed *in forma pauperis* [Doc. 1] is **GRANTED**, and he is **ASSESSED** the $350.00 civil filing fee. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk,

U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period before the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such income exceeds ten dollars ($10.00), until he has paid the full filing fee. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee.

This Memorandum Opinion and Order **SHALL** be placed in Plaintiff's institutional file and follow him if he is transferred to a different place of confinement.

## II.     COMPLAINT SCREENING

### A.     Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial PLRA review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.  **Complaint Allegations**

On one occasion, a corrections officer told Plaintiff he was going on property restriction due to "a window violation." [Doc. 2 at 5]. Defendant Officer Head, against whom Plaintiff has filed a lawsuit and several grievances, then came to get Plaintiff to take him to "the strip cage." [*Id.*].[1] Plaintiff asked the officers why they were taking his property, and they said the purpose of taking the property was to have Plaintiff "freeze until [he] follow[s] the rules." [*Id.*]. Accordingly, Plaintiff claims that officers are subjecting any prisoner who breaks a rule to being "strip[ped] naked" and having his things taken. [*Id.*]. According to Plaintiff, the first "freeze" is 24 hours, the second is 48 hours, and the third is one week. [*Id.*]. In the "freeze" incident underlying the complaint, Plaintiff was denied his religious materials and legal mail for 24 hours. [*Id.*]. Plaintiff states that he believes the supervisors allow this "freeze" practice, which he classifies as (1) a violation of his and other prisoners' rights and (2) retaliation by Defendant Officer Head against him. [*Id.*].

---

[1] Plaintiff also states that on the way to the strip cage, Defendant Officer Head shoved him into a door, which caused him to fall. [*Id.*]. However, Plaintiff states he is adding this excessive force allegation to a separate pending lawsuit. [*Id.*]. Accordingly, to avoid duplicative litigation, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[T]he general principle is to avoid duplicative litigation."), the Court will not address this factual allegation as part of this action. Nevertheless, the Court notes that, even if Plaintiff intended to include the factual allegation that Defendant Officer Head shoved him into a door in a manner that caused him to fall in this action, this assertion standing alone, does not plausibly allege a violation of Plaintiff's right to be free from cruel and unusual punishment. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (providing that "[a]n inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim" (internal quotations admitted)).

Plaintiff has sued the MCCX, Officer Head, Warden Shawn Phillips, a John Doe Supervisor, and a John Doe Unit Manager. [*Id.* at 1, 4]. For relief, Plaintiff requests monetary damages, separation from Defendant Head, and an injunction requiring the Defendants "to stop 'freeze out or property restriction punishments' without going through the official disciplinary punishment ro[u]tine." [*Id.* at 6].

### C. Analysis

First, as set forth above, Plaintiff has sued the MCCX. However, this is not an entity subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (finding that a state prison and its "medical staff" were not subject to suit under § 1983). Moreover, even if the Court liberally construed Plaintiff's complaint as against the TDOC or the State of Tennessee, neither of these entities is a person subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983"); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that the TDOC is not a "person" within meaning of 1983). Accordingly, Defendant MCCX is subject to dismissal.

As to Defendant Warden Phillips, this Defendant cannot be held liable under §1983 based solely on his supervisory position. *Iqbal*, 556 U.S. at 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"). And Plaintiff provides no facts to support a plausible inference that this Defendant was personally involved in, authorized, approved, or acquiesced to any violation of Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief

4

Case 3:25-cv-00408-CEA-JEM   Document 5   Filed 11/05/25   Page 4 of 7   PageID #: 22

may be granted under § 1983); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (internal quotation marks and citations omitted). As such, this Defendant also will be dismissed.

Plaintiff also claims that the property restriction "freeze" amounts to retaliation on the part of Defendant Officer Head. Such a claim requires Plaintiff to plausibly allege that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). Plaintiff sets forth no facts from which the Court can plausibly infer that his protected conduct in filing grievances or lawsuits against Defendant Officer Head motivated any of Defendant Officer Head's actions alleged in the complaint, and his allegation of retaliatory motive on the part of Defendant Officer Head is completely conclusory. As such, Plaintiff's complaint fails to state a plausible § 1983 retaliation claim against Defendant Officer Head.

Additionally, while Plaintiff refers to the 24-hour period during which he was denied access to certain property items after being stripped naked as a "freeze," Plaintiff does not assert

5

that he was subjected to any cold temperatures during this period. As such, it is apparent that this "freeze" refers to a temporary property restriction, rather than a "freeze" due to cold temperatures.

However, Plaintiff provides no facts from which the Court can plausibly infer that Defendant Officer Head or either of the John Doe Defendants was personally involved in strip searching Plaintiff or in depriving Plaintiff of his legal papers and religious items for 24 hours. But even if Plaintiff did allege that this was the case, such allegations would not rise to the level of a constitutional violation, as nothing in the complaint allows the Court to plausibly infer that:

(1) Plaintiff was subjected to an extreme deprivation of a life necessity in violation of his Eighth Amendment rights, *see Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (providing that only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable § 1983 conditions-of-confinement claim (citations and quotations omitted)); *Dellis v. Corrs. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001) (providing those temporary inconveniences "did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency");

(2) Plaintiff's temporary inability to access his religious items placed a substantial burden on his religious beliefs or his ability to practice his religion, *see Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (finding that where a plaintiff did not allege that a property deprivation substantially burdened his religious beliefs or his ability to practice his religion, he did not allege a plausible claim for violation of the First Amendment or the Religious Land Use and Institutionalized Persons Act);

(3) the temporary deprivation of Plaintiff's legal property caused any prejudice to a meritorious legal action and therefore violated his constitutional right of access to the courts, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of adequate legal resources to state a claim for denial of access to courts (citation omitted));

(4) this temporary denial of Plaintiff's property was pursuant to an established state procedure, or that Tennessee does not provide a meaningful remedy for this denial of property, *see Parratt v. Taylor*, 451 U.S. 527, 543 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property); *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983); or

6

(5) the strip search rose to the level of a constitutional violation, *see Stoudemire v. Mich. Dep't of Corr.,* 705 F.3d 560, 575 (6th Cir.2013) ("[S]uspicionless strip searches [are] permissible as a matter of constitutional law. . . ," subject to certain restrictions not implicated by Plaintiff's complaint).

As such, the complaint fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED WITHOUT PREJUDICE**.[2]

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order and the accompanying Judgment Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983, and it is therefore **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

7. An appropriate Judgment Order will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] Also, to the extent Plaintiff seeks to vindicate the constitutional rights of other prisoners in his complaint, he lacks standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional right of other prisoners").